IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRONE GREEN,** :<br>    **Plaintiff,** : | |
| : | |
| v. : | **CIVL ACTION NO. 20-CV-4211** |
| : | |
| **SERGEANT WHITE,** *et al.*, : | |
|     **Defendants.** : | |

<u>MEMORANDUM</u>

**McHUGH, J.**                                                                                    **MARCH 26, 2021**

Plaintiff Tyrone Green, a state prisoner incarcerated at SCI-Phoenix, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Green has paid the required filing fee in this this civil action in accordance with this Court's Order. He has also filed an Amended Complaint (ECF No. 4) which serves as the operative pleading in this case. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)). Because the Amended Complaint does not state a plausible claim, it will be dismissed, but Mr. Green will be granted leave to further amend.

**I.    FACTUAL ALLEGATIONS**[1]

Mr. Green's Amended Complaint names two Defendants: Sergeant White and Officer Carvalho, both employed at SCI-Phoenix (ECF No. 4 at 2.) Green's claims are based on events that occurred at SCI-Phoenix on May 26, 2019. He alleges that, on that date, he and another

---

[1] The facts set forth in this Memorandum are taken from Green's Amended Complaint.

inmate were not finished eating breakfast when they were told to leave the dining room, though they had not been given twenty (20) minutes to eat as required by prison policy. (*Id.*) Defendant White allegedly shut and locked the dining room door while Green and others were still inside. (*Id.*) A dining room supervisor allowed Green and another inmate to leave through the employee exit, where they were met by Defendant White. (*Id.* at 3.) Defendant White took the inmates' identification cards and advised them they would be receiving misconducts. (*Id.*) She rejected their explanation that they used the employee exit because Defendant White had locked them in the dining room, whereupon Green declared that it was a set up. (*Id.*)

Mr. Green left the area to take his medication. When he returned to his housing unit, Defendant White was waiting for him with several other officers. (*Id.*) When Green again complained about being issued a misconduct, Defendant White told the other officers and inmates present to leave. Green alleges Defendant White began yelling at him and poking him in the face with her fingernails, which were pointed at the tip. He alleges she called him "a pu\*\*y and bitch" and spit in his face. When other officers pulled her away Defendant White told Green, "your mother wasted black skin when she had you." (*Id.* at 4.)

Green was told to return to his housing unit and he complied. He was followed by Defendant Carvalho and Officer Brown. Defendant Carvalho is alleged to have threatened Green by telling him that he was going to "kick [Green's] ass" and break Green's glasses over his face. (*Id.*) When Green, followed by Defendant Carvalho, reached his cell, Defendant Carvalho is alleged to have threatened to kill Green. (*Id.*) Green alleges that, as a result of the named Defendants' conduct, he experienced anguish and cut himself with a razor. (*Id.*)

Mr. Green asserts that Defendant White's conduct violated the Eighth Amendment in that it constituted excessive force, was engaged in outside of her scope of duties, and was in violation

of Department of Corrections Policy, DC-ADM-201. (*Id.* at 5-6.). He also asserts a state law claim for assault. (*Id.*) Green asserts that Defendant Carvalho's conduct violated the Eighth Amendment, was engaged in outside of the scope of his duties, and was in violation of Department of Corrections Policy, ADM-201. Green also asserts that Carvalho's conduct violated unidentified state tort law. (*Id.* at 8.) Green seeks recovery of compensatory and punitive damages. (*Id.*)

## II.  STANDARD OF REVIEW

Although Green has paid the filing fee in full, the Court has the authority to screen his Amended Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the Amended Complaint contains "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  As Green is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Green has failed to state a plausible Eighth Amendment claim based on the conduct of Defendants White and Carvalho.

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency.  *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  When screening an Eighth Amendment excessive force claim under § 1915, the Court asks whether the prisoner has plausibly alleged that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline."  *Jackson v. Bueno*, Civ. A. No. 20-0687, 2020 WL 2847925, at *3 (E.D. Pa. June 2, 2020) (quoting *Hudson*, 503 U.S. at 7).  The factors used to determine whether the force applied was excessive include:  (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.  *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting

*Whitley v. Albers*, 475 U.S. 312, 321 (1986)).  Although the extent of an inmate's injuries is relevant to an Eighth Amendment analysis, "there is no fixed minimum quantum of injury that a prisoner must prove that he suffered through objective or independent evidence in order to state a claim for wanton and excessive force."  *Id.* at 104.  Thus, the inquiry must be driven by the extent of the force and the circumstances in which it is applied, not by the resulting injuries.  *Id*. at 108; *see also Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002).  The Eighth Amendment does not protect against a de minimis use of physical force, so long as it is not of a sort "repugnant to the conscience of mankind."  *Brooks*, 204 F.3d at 107 (quoting *Hudson*, 503 U .S. at 9-10).

      A.      **Eighth Amendment Claims Against Defendant White**

Green alleges that Defendant White yelled at him, called him names, spit in his face, and poked him in the face with pointed fingernails after he complained about the imposition of a misconduct.  He does not allege that he suffered any physical injury because of Defendant White's conduct.  Further, he does not allege that he required or was denied medical treatment following the encounter with Defendant White.  Given the limited nature of White's use of force here – poking Green in the face with pointed fingernails and spitting at him in the context of discussing an alleged disciplinary infraction – and the absence of physical injury resulting from the poking, the Court concludes that the use of force here is not the type of objectively serious use of force that rises to the level of an Eighth Amendment violation.  *See Wilkins v. Gaddy,* 559 U.S. 34, 38 (2010) (*per curiam*) ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." (internal quotations omitted)); *see also Middleton v. Sanchez*, No. 16-00203, 2016 WL 1089131, at *5 (M.D. Pa. Mar. 21, 2016) (inmate who was, *inter alia*, poked in face with finger did not suffer

lasting injury, merely temporary discomfort, and did not state plausible Eighth Amendment claim); *Ruta v. Morris*, No. 07-1832, 2007 WL 3342771, at *3 (M.D. Pa. Nov. 7, 2007) (inmate who was pushed and poked in the face did not state plausible Eighth Amendment claim). "The Eighth Amendment does not protect an inmate against an objectively de minimis use of force." *Lindsey v. O'Connor*, 327 Fed. Appx. 319, 321 (3d Cir. 2009) (inmate who was grabbed and threatened outside of cell but did not suffer injury as a result did not state plausible Eighth Amendment claim).

The facts alleged as to Defendant White suggest that she engaged in an unfortunate, but *de minimis*, use of force when faced with Green's complaints about the imposition of a misconduct. The facts alleged do not state a plausible Eighth Amendment claim and this claim will be dismissed. However, because the Court cannot state with certainty that Green cannot state a plausible Eighth Amendment claim, he will be granted leave to amend this claim.

      **B.**      **Eighth Amendment Claims Against Defendant Carvalho**

Green seeks money damages against Defendant Carvalho based on verbal threats of physical harm he allegedly made on a single occasion. The fact that Green received threats of bodily harm does not state a § 1983 claim because verbal threats or taunts, without more, are insufficient to violate the Constitution. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (holding that threats that inmate was a "marked man and that his days were numbered" did not state Eighth Amendment claim); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (holding that threat to spray inmate with mace did not violate Eighth Amendment); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny

a prisoner equal protection of the laws.").[2] Because he alleges that Defendant Carvalho engaged in no more than verbal harassment, during a single encounter, Mr. Green does not state a plausible Eighth Amendment claim against Defendant Carvalho and this claim will be dismissed. Leave to amend will not be granted, because on these facts amendment would be futile.

### C. State Law Claims

Green purports to assert a state law claim of assault against Defendant White, and an unidentified state law tort claim against Defendant Carvalho. (ECF No. 4 at 5-6, 8.) Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his

---

[2] The result I reach here does not rule out the possibility of stating an Eighth Amendment claim if there is a pattern of threats by a correctional officer over a sustained period of time creating psychologically debilitating environment.

7

imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Green does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the Defendants, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, Green has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. However, Green will be granted leave to amend his state law claims against Defendant White.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Green's Eighth Amendment claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Having dismissed Green's constitutional claims against Defendant Carvalho, the Court will dismiss without prejudice Green's state law claim against Defendant Carvalho for lack of subject matter jurisdiction.[3] Green will be granted leave to amend his claims against Defendant White. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002). An appropriate Order follows.

                                                  **BY THE COURT:**

                                           /s/ Gerald Austin McHugh
                                          **UNITED STATES DISTRICT JUDGE**

---

[3] Mr. Green may reassert these claims by filing a complaint in state court if he chooses to do so.