IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYRONE GREEN, :
    Plaintiff, :
:
v. : CIVL ACTION NO. 20-CV-4211
:
SERGEANT WHITE, *et al.*, :
    Defendants. :

MEMORANDUM

McHUGH, J.                                                                     MAY 18, 2021

Currently before the Court is a Second Amended Complaint ("SAC") filed by Plaintiff Tyrone Green, which raises claims pursuant to 42 U.S.C. § 1983, arising from alleged cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. For the reasons set forth here, the Court will dismiss Green's claims with prejudice.

I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

Mr. Green's Amended Complaint named two Defendants: Sergeant White and Officer Carvalho, both employed at SCI-Phoenix. (ECF No. 4 at 2.) Green's claims were based on events that occurred at SCI-Phoenix on May 26, 2019. He alleged that, on that date, he and another inmate were not finished eating breakfast when they were told to leave the dining room, though they had not been given twenty (20) minutes to eat as required by prison policy. (*Id.*) Defendant White shut and locked the dining room door while Green and others were still inside. (*Id.*) A dining room supervisor allowed Green and another inmate to leave through the employee exit, where they were met by Defendant White. (*Id.* at 3.) Defendant White took the inmates' identification cards and advised them they would be receiving misconducts. (*Id.*) She rejected

---

[1] The facts set forth in this Memorandum are taken from Green's Amended Complaint and his SAC.

their explanation that they used the employee exit because Defendant White had locked them in the dining room, whereupon Green declared that it was a set up. (*Id.*)

Mr. Green left the area to take his medication. When he returned to his housing unit, Defendant White was waiting for him with several other officers. (*Id.*) When Green again complained about being issued a misconduct, Defendant White told the other officers and inmates present to leave. Green alleged Defendant White began yelling at him and poking him in the face with her fingernails, which were pointed at the tip. He alleges she called him "a pu\*\*y and bitch" and spit in his face. When other officers pulled her away Defendant White told Green, "your mother wasted black skin when she had you." (*Id.* at 4.)

Mr. Green was told to return to his housing unit and he complied. He was followed by Defendant Carvalho and Officer Brown. Defendant Carvalho is alleged to have threatened Green by telling him that he was going to "kick [Green's] ass" and break Green's glasses over his face. (*Id.*) When Green, followed by Defendant Carvalho, reached his cell, Defendant Carvalho is alleged to have threatened to kill Green. (*Id.*) Green alleged that, as a result of the named Defendants' conduct, he experienced anguish and cut himself with a razor. (*Id.*)

Green asserted that Defendant White's conduct violated the Eighth Amendment in that it constituted excessive force, was engaged in outside of her scope of duties, and was in violation of Department of Corrections Policy, DC-ADM-201. (*Id.* at 5-6.). He also asserted a state law claim for assault. (*Id.*) Green asserted that Defendant Carvalho's conduct violated the Eighth Amendment, was engaged in outside of the scope of his duties, and was in violation of Department of Corrections Policy, ADM-201. Green also asserted that Carvalho's conduct violated unidentified state tort law. (*Id.* at 8.) Green sought recovery of compensatory and punitive damages. (*Id.*)

Upon screening the Amended Complaint, the Court dismissed Green's Eighth Amendment claims against Defendant Carvalho with prejudice and dismissed his state court claims against Carvalho without prejudice for lack of subject matter jurisdiction. (ECF No. 8.) The Court dismissed Green's federal and state claims against Defendant White without prejudice and granted him leave to file a second amended complaint. (*Id.*) Green has filed a SAC against Defendant White. (ECF No. 9 at 6-11.) The factual allegations in the SAC are virtually identical with those in the Amended Complaint. In short, Defendant White is alleged to have yelled at Green, purposefully spat in his face, and poked him in the face with pointed fingernails. (SAC, *Id.* at 9, 10.) Mr. Green claims that the force used was "not necessary to achieve any institutional purpose," and "reflected the wanton and unnecessary infliction of pain." (SAC, *Id.* at 10.) Green further alleges that Defendant White was deliberately indifferent to Green's rights and his health when she engaged in the conduct alleged. (SAC, *Id.* at 10-11.) He claims that Defendant White's conduct violated his Eighth Amendment rights. The SAC does not include any state law claims. Green claims that he was required to seek psychological treatment following the incident. He seeks recovery of compensatory and punitive damages. (SAC, *Id.* at 11.)

II.     **STANDARD OF REVIEW**

Although Green has paid the filing fee in full, the Court has the authority to screen his SAC pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the

Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the Second Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Green is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Green has failed to state a plausible Eighth Amendment claim based on the conduct of Defendant White.

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992). When screening an Eighth Amendment excessive force claim under § 1915, the Court asks whether the prisoner has plausibly alleged that the force was

applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." *Jackson v. Bueno*, Civ. A. No. 20-0687, 2020 WL 2847925, at *3 (E.D. Pa. June 2, 2020) (quoting *Hudson*, 503 U.S. at 7). The factors used to determine whether the force applied was excessive include: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Although the extent of an inmate's injuries is relevant to an Eighth Amendment analysis, "there is no fixed minimum quantum of injury that a prisoner must prove that he suffered through objective or independent evidence in order to state a claim for wanton and excessive force." *Id.* at 104. Thus, the inquiry must be driven by the extent of the force and the circumstances in which it is applied, not by the resulting injuries. *Id*. at 108; *see also Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002). The Eighth Amendment does not protect against a de minimis use of physical force, so long as it is not of a sort "repugnant to the conscience of mankind." *Brooks*, 204 F.3d at 107 (quoting *Hudson*, 503 U .S. at 9-10).

Mr. Green alleges that Defendant White unnecessarily and with deliberate indifference to Green's rights yelled at him, called him names, spit in his face, and poked him in the face with pointed fingernails. He does not allege that he suffered any physical injury as a result of Defendant White's conduct. Further, he does not allege that he required or was denied medical treatment immediately following the encounter with Defendant White, although he does now allege that he required psychological treatment as a result of the encounter. Given the limited

5

nature of White's alleged use of force here – poking Green in the face with pointed fingernails and spitting at him – and the absence of physical injury resulting from the poking, the Court concludes that the use of force here is not the type of objectively serious use of force that rises to the level of an Eighth Amendment violation. *See Wilkins v. Gaddy,* 559 U.S. 34, 38 (2010) (*per curiam*) ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." (internal quotations omitted)); *see also Middleton v. Sanchez*, No. 16-00203, 2016 WL 1089131, at *5 (M.D. Pa. Mar. 21, 2016) (inmate who was, *inter alia*, poked in face with finger did not suffer lasting injury, merely temporary discomfort, and did not state plausible Eighth Amendment claim); *Ruta v. Morris*, No. 07-1832, 2007 WL 3342771, at *3 (M.D. Pa. Nov. 7, 2007) (inmate who was pushed and poked in the face did not state plausible Eighth Amendment claim). "The Eighth Amendment does not protect an inmate against an objectively de minimis use of force." *Lindsey v. O'Connor*, 327 Fed. Appx. 319, 321 (3d Cir. 2009) (inmate who was grabbed and threatened outside of cell but did not suffer injury as a result did not state plausible Eighth Amendment claim).

The facts alleged as to Defendant White suggest that she may have engaged in an unfortunate and inappropriate use of force when faced with Green's complaints about the imposition of a misconduct, but it was *de minimis*, Moreover, the facts alleged in the SAC do not suggest that this was more than a single occurrence – it is not alleged to have been part of a repeated course of conduct. Mr. Green may well have a state law claim for assault, which he can pursue in state court in accordance with this Court's prior order. But the facts alleged do not state a plausible Eighth Amendment claim and this claim will be dismissed. Because Green has already been afforded an opportunity to amend this claim and has not been able to state a

plausible claim, no further leave to amend will be granted, and the claim will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Green's Eighth Amendment claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. No further leave to amend will be granted, as further amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002). An appropriate Order follows.

                                             **BY THE COURT:**

                                             /s/ Gerald Austin McHugh

                                             **GERALD A. McHUGH, J.**